**UNITED STATES, Appellee,**

v.

**Hilton Jerry KELTON, Appellant.**

No. 74–1686.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1975.

Decided June 30, 1975.

Certiorari Denied Nov. 3, 1975.
See 96 S.Ct. 286.

Austin F. Shute, Kansas City, Mo., for appellant.

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, JONES, Senior Circuit Judge,* and HENLEY, Circuit Judge.

JONES, Senior Circuit Judge.

This appeal and United States v. Williams, 8th Cir. 1975, 519 F.2d 368, decided this day, are companion cases.

On the morning of March 8, 1974, the Broadway National Bank in Kansas City, Missouri, was robbed by two armed Negroes. One was about six feet one inch tall and the height of the other was about five feet ten inches. The taller of the two carried a forty-five calibre automatic pistol and the other was armed with a twenty-two calibre pistol. Each wore gloves and a ski cap mask. The shorter of the two wore a red mask and the taller of them wore a white mask. The taller bandit wore a brown and tan suede jacket.

An FBI agent, who was in the bank at the time of the robbery, exchanged harmless gunfire with one of the robbers. A twenty-two calibre shell casing was found in the bank lobby after the holdup.

The robbers left the bank in an automobile. The tag number was noted and the car was soon located by city police about a mile from the bank. In the car were a red ski mask and a five dollar bill. Currency was strewn from the car to the rear of a nearby apartment building. The appellant Kelton lived in the apartment building. One of the police officers, who knew Kelton, matched him with the description of the taller of the two robbers and went to his apartment. Kelton was placed under arrest. Kelton

---

* The Honorable Warren L. Jones, United States Court of Appeals for the Fifth Circuit, sitting by designation.

denied participation in the robbery and said he was in bed at the time it took place.

Across the hall from the Kelton apartment was Apartment 1B. Kelton had been given a key to his apartment some days earlier. The manager of the apartment house opened the door to Apartment 1B and admitted the police officers. In this apartment the officers found a part of the stolen money, a white ski cap mask, a forty-five automatic handgun of the kind used in the robbery, and a twenty-two calibre pistol. The evidence showed that the shell casing found in the bank was fired from this weapon. The officers found a tan and brown suede jacket, portions of ski caps similar in fabric to the ski cap masks, a pair of brown work gloves, and two plastic gloves, one of which had a tear on the third finger.

Sidney Williams, the appellant in the companion case, was found in a cabinet above the refrigerator in Apartment 1B. He was arrested and, according to a government witness, made a confession later. He did not implicate Kelton. Sweepings from Kelton's head, obtained by a vacuum cleaner, produced fibers which matched those of the white mask. A blood stain on the suede jacket matched Kelton's blood type. A bleeding cut on the third finger of Kelton's right hand was at the same place as the tear on the plastic glove.

Kelton and Williams were charged by indictment with bank robbery in violation of 18 U.S.C.A. § 2113(a) and (d). They entered pleas of not guilty and were tried jointly. Kelton produced alibi witnesses.

Kelton moved for judgment of acquittal at the close of all the evidence. A jury verdict of guilty was returned as to both defendants. Judgments were entered on the verdicts and sentences were imposed. Appeals were taken.

Before this Court Kelton makes no contentions that evidence was improperly admitted or excluded or that any instruction was improperly given or refused. His sole ground for reversal is that the evidence against him was insufficient to go to the jury and that his motions for judgment of acquittal should have been granted.

The appellant asserts that where the government's evidence is equally strong to infer innocence of the crime charged as it is to infer guilt, the verdict must be one of not guilty and the court has a duty to direct an acquittal. For this principle United States v. Kelton, 8th Cir. 1971, 446 F.2d 669 is cited. He states that if a reasonable man could not infer guilt beyond a reasonable doubt, the defendant is entitled to an acquittal as a matter of law. To bring himself within these doctrines Kelton undertakes to show that each of the items of proof are insufficient to make a jury question. But the several facets of the case against the defendant are not to be isolated, each from the others, in determining whether a case for the jury has been established. Where the proof of the prosecution is circumstantial it is the totality of the circumstances that must be weighed in making a decision on a motion for acquittal. So viewed, the evidence of the government was sufficient to permit a jury finding of guilt beyond a reasonable doubt.

The sufficiency of the evidence is to be tested by viewing it in its entirety and in the light most favorable to the government and accepting as established all reasonable inferences therefrom. Langel v. United States, 8th Cir. 1971, 451 F.2d 957; United States v. Fryer, 8th Cir. 1970, 419 F.2d 1346, cert. denied, 397 U.S. 1055, 90 S.Ct. 1399, 25 L.Ed. 672. The evidence, although circumstantial, is not equivocal on its face. There is substantial evidence to sustain the verdict, and it was not improper for the district court to deny the motions for judgments of acquittal. United States v. Quinn, 8th Cir. 1972, 467 F.2d 624, cert. denied, 410 U.S. 935, 93 S.Ct. 1390, 35 L.Ed.2d 599; United States v. Wallace, 8th Cir. 1972, 453 F.2d 420; United

States v. Robinson, 8th Cir. 1969, 419 F.2d 1109. The judgment of the district court is

Affirmed.