**UNITED STATES, Appellee,**

**v.**

**Sidney A. WILLIAMS, Appellant.**

**No. 74–1984.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1975.

Decided June 30, 1975.

Kenneth K. Simon, Kansas City, Mo., for appellant.

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, JONES, Senior Circuit Judge,* and HENLEY, Circuit Judge.

JONES, Senior Circuit Judge.

This appeal and United States v. Kelton, 8th Cir. 1975, 519 F.2d 366, decided this day, are companion cases.

On the morning of March 8, 1974, the Broadway National Bank in Kansas City, Missouri, was robbed by two armed Negroes. One was about six feet one inch tall and the height of the other was about five feet ten inches. The taller of the two carried a forty-five calibre automatic pistol and the other was armed with a twenty-two calibre pistol. Each wore gloves and a ski cap mask. The shorter of the two wore a red mask and the taller of them wore a white mask. An FBI agent, who was in the bank at the time of the robbery, exchanged

---

* The Honorable Warren L. Jones, United States Court of Appeals for the Fifth Circuit, sitting by designation.

harmless gunfire with one of the robbers. A twenty-two calibre shell casing was found in the bank lobby after the holdup.

The robbers left the bank in an automobile. The tag number was noted and the car was soon located by city police about a mile from the bank. In the car were a red ski mask and a five dollar bill. Currency was strewn from the car to the rear of a nearby apartment building. Hilton Jerry Kelton, the appellant in the companion case, lived in the apartment building. Kelton was placed under arrest.

Across the hall from the Kelton apartment was Apartment 1B. Kelton had been given a key to this apartment some days earlier. The manager of the apartment building opened Apartment 1B and admitted the police officers. In this apartment the officers found a part of the stolen money, a white ski cap mask, a forty-five automatic handgun of the kind used in the robbery, and a twenty-two calibre pistol. The evidence showed that the shell casing found in the bank had been fired from this weapon. The officers found a tan and brown suede jacket, a white ski cap mask, portions of ski caps similar to the ski cap masks which had been found, a pair of brown work gloves and a pair of plastic surgical gloves.

The appellant, Sidney A. Williams, was found hiding in a cabinet above a refrigerator. He was sweating profusely. Williams was arrested. Thereafter, so a government witness testified, Williams made a confession. Sweepings from Williams' head, obtained by a vacuum cleaner, showed fibers which matched those of the red mask. Tests showed that Williams had recently fired a gun.

Kelton and Williams were charged by indictment with bank robbery in violation of 18 U.S.C.A. § 2113(a) and (d). They entered pleas of not guilty and were tried jointly. Like Kelton, Williams produced alibi evidence. Unlike Kelton, Williams took the stand on his own behalf. He denied that he had participated in the robbery and denied having made any confession. He stated that he was a heroin addict and that he went to the apartment to get a fix. He testified that the heroin dealer put the robbery items in the apartment and left.

In order to refute Williams' claim about a heroin fix an FBI agent, who had talked with Williams on the day after the robbery, was recalled as a rebuttal witness and was asked about Williams' appearance on the morning after his arrest. The agent responded that "He appeared just like any other bank robber I have talked to the next day in custody." Williams moved for a mistrial. The court denied the motion and admonished the jury to disregard the statement.

Williams and Kelton made motions for judgments of acquittal. The motions were denied. They were convicted and appealed.

Before this Court Williams makes two contentions; that his motion for mistrial should have been granted, and that his motions for acquittal were improperly denied.

The statement of the FBI agent would have been improper regardless of the status of him who made it. Its impropriety seems the greater coming from a source so highly regarded. Nevertheless the evidence of guilt and the direction of the court to disregard the statement render the error harmless. F.Rules Crim. Proc. 52(a).

The appellant Williams to support his claim of insufficient evidence adopts the argument in the brief of the appellant Kelton. That which is said in the opinion in the Kelton appeal is applicable here and need not be repeated.

In addition to the claims asserted by Kelton and adopted by Williams as to the sufficiency of the evidence, Williams asserts that in circumstantial evidence cases, a determination must be made as to whether there is any theory of the evidence from which the jury might have excluded every hypothesis except guilt beyond a reasonable doubt. The

apparent intra-circuit conflict as to the rational hypothesis rule has been noticed. See United States v. Shahane, 8th Cir. 1975, 517 F.2d 1173. This case does not require that the conflict be resolved. The strength of the evidence for the prosecution, including a confession of the appellant, leaves no room for the operation of the reasonable hypothesis doctrine.

The record is free from reversible error. The judgment of the district court is

Affirmed.