**UNITED STATES of America,
Appellee,**

v.

**Frank PITTS, Appellant.**

**No. 75–1349.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 22, 1975.

Decided Nov. 3, 1975.

Dyer Act, 18 U.S.C. § 2312. We affirm the conviction.

The government produced evidence to show that on September 24, 1974, in Jacksonville, Florida, Pitts borrowed a 1973 Buick from a neighbor, Paul Marich. Marich believed that Pitts wanted to use the car to take his laundry to the laundromat. Marich also gave the defendant $20 and asked him to have certain maintenance performed on the car. When Pitts had not returned by the next day Marich reported the car as stolen. The car was undamaged when lent to Pitts.

Pitts was stopped by a Georgia State Patrolman on November 4, 1974. He gave his name as Paul Marich and stated that his registration and driver's license had been stolen by hitchhikers. The patrolman noted no damage to the car at that time. He released Pitts after 15–20 minutes. In December, 1974, Pitts visited his sister in Indiana, driving there in Marich's Buick. He told his sister that his car registration had been.stolen when the automobile had been broken into. Pitts' sister noticed that the rear end of the car was damaged.

Pitts was arrested in South Dakota for auto theft on January 1, 1975. Another man was driving Marich's car and the accused was a passenger. The driver indicated that Pitts owned the automobile, but Pitts could produce no proof of ownership. The car was damaged in the front and rear. At the time of his arrest and in a subsequent statement the accused identified himself as Paul Marich, and stated that he had purchased the car in Pittsburgh. In a second statement he indicated that he and Marich had been friends in Florida and that while he was driving the car and Marich was a passenger, they had been struck in the rear by a hit and run driver. He alleged that all the damage to the car which existed when he was arrested had been sustained in that collision in Florida. Marich could not collect insurance for the damage, according to Pitts, because Pitts was not a licensed driver.

William J. Srstka, Jr., Pierre, S. D., for appellant.

Robert D. Hiaring, Asst. U. S. Atty., Sioux Falls, S. D., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This is a direct appeal from Frank Pitts' conviction for violation of the

At trial Pitts testified that Marich had offered him $500 to burn the car, so he could collect on the insurance policy, but he had taken the car instead with Marich's permission. He also testified that he was an experienced car thief, having stolen an estimated 300 cars, and he invariably changed the license plates and obtained a false registration. The fact he did not do so this time proves, in his view, that he did not steal Marich's automobile.

We must view the evidence in the light most favorable to the prevailing party, accepting as established all reasonable inferences therefrom. *United States v. Kelton*, 519 F.2d 366, 367 (8th Cir. 1975); *United States v. Overshon*, 494 F.2d 894, 896 (8th Cir.), *cert. denied*, 419 U.S. 853, 878, 95 S.Ct. 96, 142, 42 L.Ed.2d 85, 118 (1974). Here there was plainly sufficient evidence from which the court could find guilt beyond a reasonable doubt, notwithstanding Pitts' expert testimony concerning his usual modus operandi. The contention that there was insufficient evidence for conviction is without merit.

Pitts also contends that he was denied his right to a speedy trial. He was arrested on January 1, 1975, and charged on January 3. A preliminary hearing was held January 14, 1975. An indictment was returned on February 27, and on March 12, 1975, Pitts entered a plea of not guilty. The trial was held May 13, 1975. The defendant was unable to make bail and spent the time between his arrest and trial in jail.[1]

In deciding questions of speedy trial we consider the length of the delay, reason therefor, whether the accused requested an earlier trial, and prejudice resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Morris v. Wyrick*, 516 F.2d 1387, 1390 (8th Cir. 1975). In this case the delay was not inordinately long. The defendant made no request for trial, and alleges no prejudice from the delay. His sole reason for contending he was not given a speedy trial is his

allegation that a previous prosecution against him in the United States District Court for the Eastern District of Illinois was dismissed because he had been held in jail for longer than 120 days. Applying the standards set by the Supreme Court in *Barker, supra,* we do not believe Pitts was denied his right to a speedy trial.

The judgment of conviction is affirmed.

---

1. Pitts received credit for this pretrial incarceration on his sentence upon conviction.