### UNITED STATES of America, Appellee,

### v.

### Eddie WASHINGTON, Appellant.

### No. 75–1566.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 10, 1975.

Decided Dec. 31, 1975.

Samuel Raban, St. Louis, Mo., for appellant.

Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before ROSS, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

Eddie Washington was convicted on twenty counts of embezzling, stealing and converting to his own use, photographic supplies belonging to the United

---

States, the value of which, as to each count, exceeded $100.00. He appeals to this court claiming that the evidence was insufficient to sustain the conviction and that he was deprived of a fair trial. We sustain the judgment of conviction as to each count.

■ Washington was a supply clerk for the Directorate Management Information Systems (DMIS), a division of a federal agency. In the course of performing his duties he was furnished a G.S.A. credit card for the purchase of necessary supplies for his agency from G.S.A. self-service stores. From August 2, 1973, to October 11, 1974, Washington purchased large quantities of Polaroid film on his G.S.A. credit card from G.S.A. self-service stores, which purchases, according to the evidence adduced by the government, were not authorized by Washington's superiors nor required or used by the DMIS. The government did not, however, prove what actually happened to the film so purchased. It is upon this basis that Washington claims the evidence was insufficient. We disagree.

The government did prove that Washington's superiors never authorized the purchase of the film and had no use for the film; that most of the film was purchased at supply stores away from Washington's place of work; that the employees most likely to receive supplies from Washington after he purchased them had not received the film on behalf of DMIS; that the largest quantity of film was purchased just prior to Christmas when it would be most easily disposed of; and that during the investigation, Washington gave conflicting stories. We view the evidence in the light most favorable to the prevailing party, accepting as established all reasonable inferences therefrom which would support the verdict. *Giblin v. United States,* 523 F.2d 42, 44 (8th Cir. 1975); *United States v. Kelton,* 519 F.2d 366, 367 (8th Cir. 1975). The evidence, although circumstantial in nature, was sufficient to permit the jury to find, as they did, that Washington had embezzled

and converted the film to his own use. *United States v. DeVerse,* 464 F.2d 80, 83 (8th Cir.), *cert. denied,* 409 U.S. 988, 93 S.Ct. 342, 34 L.Ed.2d 253 (1972); *United States v. Pope,* 415 F.2d 685, 688 (8th Cir. 1969), *cert. denied,* 397 U.S. 950, 90 S.Ct. 973, 25 L.Ed.2d 132 (1970).

■ Washington's second allegation claiming he was deprived of a fair trial is frivolous. His claims relating to ineffective assistance of counsel relate primarily to trial strategy and an overall review of the record shows that Washington was adequately represented. His claims concerning unfair comments of the United States Attorney are without merit for the simple reason that the remarks so made fairly reflected the evidence and proper comment thereon. *United States v. Hager,* 505 F.2d 737, 740 (8th Cir. 1974); *United States v. Lawson,* 483 F.2d 535, 539 (8th Cir. 1973), *cert. denied,* 414 U.S. 1133, 94 S.Ct. 874, 38 L.Ed.2d 757 (1974); *Wakaksan v. United States,* 367 F.2d 639, 646 (8th Cir. 1966), *cert. denied,* 386 U.S. 994, 87 S.Ct. 1312, 18 L.Ed.2d 341 (1967).

The judgments of conviction are affirmed.