**UNITED STATES of America, Appellee,**

v.

**Robert BIEREY, Appellant.**

**No. 78–1271.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1978.

Decided Dec. 11, 1978.

Certiorari Denied Feb. 21, 1979.

See 99 S.Ct. 1260.

C. John Pleban, London, Greenberg & Fleming, St. Louis, Mo., for appellant.

Michael W. Reap, Asst. U. S. Atty., St. Louis, Mo., for appellee; Robert D. Kingsland, U. S. Atty., St. Louis, Mo., on brief.

Before HEANEY and STEPHENSON, Circuit Judges, and VAN SICKLE, District Judge.[*]

VAN SICKLE, District Judge.

Robert Bierey was indicted, tried by a jury, and convicted on two counts of armed bank robbery[1] in violation of Title 18, United States Code, Section 2113(a) and (d). He was sentenced to a term of twenty years imprisonment on each count, with the sentences to run concurrently. On appeal, Bierey contends that the district court erred (1) by not suppressing the out-of-court and subsequent trial identifications and (2) by not granting his motion for judgment of acquittal. We reject the appellant's contentions and affirm the judgment of conviction.

On January 19, 1978, Bierey participated in a lineup during which he was identified by witnesses from both of the robberies. Bierey contends that the lineup was had without a valid court order and against his will, that he was deprived of effective assistance of counsel during the lineup, and that the lineup was impermissibly suggestive. Because of these factors, Bierey contends that the identifications should have been suppressed. We disagree.

▇ Bierey contends the lineup was conducted without a lawful order. On the day of the lineup, Bierey's attorney was presented with an unsigned copy of an order authorizing the lineup. The order signed by the judge bears the date January 20, 1978, one day after the lineup took place. Thus, Bierey contends the court order was not in existence at the time that the lineup was held. The order that bore the judge's signature, however, was file stamped by the clerk's office on January 19, 1978, the day of the lineup. It is clear to us that the trial court merely made a clerical error in dating the order and that on the date of the lineup there was a valid court order. *See* Rule 36 of the Federal Rules of Criminal Procedure.

Bierey further contends that he was deprived of effective assistance of counsel during the lineup. Bierey's attorney made several requests of the government prior to the lineup: (1) that he be permitted to interview the witnesses and review their statements concerning the description of the robbers prior to the lineup; (2) that each witness view the lineup separately; and (3) that he be present when the witness actually made an identification. Each of these requests were denied.

The lineup was conducted in an auditorium at the St. Louis Police Department. Bierey was displayed as part of a five man lineup viewed simultaneously by four government eyewitnesses, Reiff, Atkins, Eatherton, and Giacoletto, who had been employed by the victim banks at the time of

* Bruce M. Van Sickle, United States District Judge, District of North Dakota, sitting by designation.

1. The robberies occurred at the following institutions: Cass Federal Savings and Loan, April 22, 1977 (Count 1) and Clayton Federal Savings and Loan, May 27, 1977 (Count 2).

the robberies. The witnesses were positioned ten to fifteen feet away from each other and each was accompanied by a Federal Bureau of Investigation agent. The witnesses were instructed not to say anything or point during the lineup. Bierey's attorney was present at this lineup but he was not allowed to be present during or immediately after the lineup when the FBI agents discussed with the witnesses any identification they might have made. Three of the government eyewitnesses identified Bierey at this lineup and testified to this effect during the trial. The witnesses also identified Bierey at the trial.

Bierey contends that this identification evidence should have been excluded under the rationale of *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), in that the lineup procedure denied Bierey effective assistance of counsel at a critical stage in the government's criminal prosecution against him.

■ In *Wade,* the Supreme Court held that a pretrial lineup, taking place after an indictment, was a critical stage of the prosecution at which the accused was entitled to have counsel present, absent an intelligent waiver. The presence of the accused's attorney is necessary to minimize the likelihood of an unduly suggestive confrontation, to enable an informed challenge at the suppression hearing, and to meaningfully attack the credibility of the witness' courtroom identification. Thus, once it is shown that the lineup was conducted in violation of an accused's sixth amendment right to counsel, all evidence of the pretrial confrontation and of the subsequent in-court identification by the witness is to be excluded unless the government can establish by clear and convincing evidence that the identification of the defendant at trial is based on the witness' observation at the scene of the crime.

Although the lineup in the present case was attended by Bierey's attorney, Bierey contends that the attorney's role during the lineup was so severely restricted by the government that the attorney could not effectively carry out the purpose for which *Wade* and *Gilbert* require an attorney's presence.

The rule of *Wade* and *Gilbert* is generally declared to be an extension of the principle expressed initially in *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), that presence of counsel is constitutionally required at every stage of the criminal prosecution; and a critical stage for sixth amendment purposes exists whenever substantial rights of the accused may be adversely affected. *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). Accordingly, the *Wade* court stated as follows:

> . . . the principle of *Powell v. Alabama* and succeeding cases requires that we scrutinize *any* pretrial confrontation of the accused to determine whether the presence of his counsel is necessary to preserve the defendant's basic right to a fair trial as affected by his right meaningfully to cross-examine the witnesses against him and to have effective assistance of counsel at the trial itself. It calls upon us to analyze whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice. 388 U.S. at 227, 87 S.Ct. at 1932.

■ In this case, Bierey's attorney asked to be provided with the witnesses' statements concerning the description of the robber prior to the lineup and also that each witness view the lineup separately. He was rejected as to both requests. We do not agree that the rejection of these requests amounted to a denial of effective assistance of counsel at a critical stage.

Title 18, United States Code, Section 3500(a) provides that no statement made by a government witness shall be subject to discovery until the witness has testified on direct examination in the trial of the case. Section 3500(b) provides that after a government witness testifies on direct examination, the court shall, on motion of the defendant, order the government to pro-

duce any statement by the witness which relates to the subject matter about which the witness has testified. Thus, before cross examination, Bierey's attorney could have requested and received any statements that the witnesses may have made concerning the description of the robber. During the cross examination, the attorney would have his opportunity to meaningfully attack the credibility of the witness' courtroom identification and there would be no denial of Bierey's sixth amendment right to counsel. *See United States v. Washabaugh,* 442 F.2d 1127 (9th Cir. 1971), where the court held that denial until cross examination of identification witnesses' statements was not a violation of the sixth amendment right to effective assistance of counsel.

The five individuals in the lineup were all white males. The evidence indicates that an attempt was made to gather individuals that resembled Bierey. All four government eyewitnesses were separated in the same room and each was accompanied by an FBI agent. Bierey's attorney was present and observed the complete procedure. We feel that the attorney's noticeable presence at the lineup, although it was conducted with four witnesses simultaneously, satisfied the constitutional requirement of *Wade* and *Gilbert.* As Justice Stewart, concurring in *United States v. Ash,* 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1972), stated:

> . . . counsel was required at a lineup, primarily as an observer, to ensure that defense counsel could effectively confront the prosecution's evidence at trial. Attuned to the possibilities of suggestive influences, a lawyer could see any unfairness at a lineup, question the witnesses about it at trial, and effectively reconstruct what had gone on for the benefit of the jury or trial judge. 413 U.S. at 324, 93 S.Ct. at 2581.

In this case, Bierey's counsel was given sufficient opportunity to observe the lineup to ensure a meaningful confrontation and thus effective assistance of counsel at trial.

■ Bierey further contends that the exclusion of his attorney from the interviews of the FBI agents with the witnesses imme-diately after the lineup amounted to a denial of his right to effective assistance of counsel. Virtually all the courts which have had occasion to consider this problem have refused to extend *Wade* beyond the actual confrontation between the accused and the witnesses to a crime. *See United States v. Tolliver,* 569 F.2d 724 (2d Cir. 1978); *United States v. Wilcox,* 507 F.2d 364 (4th Cir. 1974); *United States v. Cunningham,* 423 F.2d 1269 (4th Cir. 1970); *United States v. Banks,* 485 F.2d 545 (5th Cir. 1973); *United States v. Parker,* 549 F.2d 1217 (9th Cir. 1977); and *Doss v. United States,* 431 F.2d 601 (9th Cir. 1970).

*Cunningham* is one of the leading cases on this subject. In that case, counsel was present at the lineup but, because of some argument between counsel for the government and counsel for the defendant, the latter was ejected. It was while counsel for the defendant was absent that the in-court identification witness identified the defendant from the lineup. The defendant asserted that the interrogation of the identifying witness in the absence of counsel was constitutionally invalid, thus, raising the same issue as does Bierey. In rejecting that claim, the Court stated as follows:

> Here, the lineup was terminated and witnesses were being interrogated outside of the presence of suspects. Confrontation had occurred and was terminated. By the rationale of *Wade* and *Gilbert,* counsel was no longer required unless we were prepared to hold that defense counsel must be present whenever the government interrogates a witness whose testimony may be used as part of the government's case at trial.
>
> The interrogation of witnesses in the investigation of crime or in the preparation for trial is not limited by the rules of evidence or the order of proof, and conscious or unconscious attempts to lead witnesses may occur. We do not think that these dangers are any greater in the case of identification witnesses than witnesses who possess other types of knowledge with regard to the commission of a crime. It is not claimed that to date the

Supreme Court has required the presence of counsel during the interrogation of all witnesses, and we will not so require with regard to the interrogation of identification witnesses once the actual confrontation has been completed. 423 F.2d 1274. Thus, if the requirement of counsel applies solely to the period of confrontation between the accused and the witnesses, then the subsequent interrogation of the witnesses by the prosecution as to whether they identified the accused or not at the lineup does not present that serious potential for prejudice that occurs in the confrontation between an eyewitness and a suspect where counsel is required.

■■■ Bierey further contends that the lineup was unnecessarily suggestive and that the identifications should have been suppressed. We disagree.

A criminal conviction cannot be fairly based on identification evidence resulting from a pretrial confrontation which is so impermissibly suggestive as to create a very substantial likelihood of misidentification. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). The determination of whether identification evidence should be suppressed must be based on all the circumstances and should focus on (1) the degree to which the pretrial confrontation was suggestive, (2) any exigencies justifying the suggestive procedure, and (3) the reliability of the identification. *United States v. Alden,* 576 F.2d 772, 778 (8th Cir. 1978); *Israel v. Odom,* 521 F.2d 1370, 1373 (7th Cir. 1975). However, unnecessarily suggestive pretrial confrontation procedures alone do not violate due process. *Neil v. Biggers, supra,* 409 U.S. at 199, 93 S.Ct. 375. The Supreme Court in *Manson* stated "that reliability is the linchpin in determining the admissibility of identification testimony." 432 U.S. at 114, 97 S.Ct. at 2253.

Bierey argues that the lineup was suggestive because he was shorter than the other participants and there was also a weight variance. He also contends that the participant that most nearly resembled him had a mustache and sideburns. We cannot agree that these variations caused the lineup to be unnecessarily suggestive. The length of time between the crime and the lineup was sufficient to allow for a change in facial hair and the weight and height differences would be unaccentuated by the use of a stage. In addition, the police made an effort to gather individuals who fit Bierey's general description, the witnesses were instructed not to say anything or point during the lineup, and Bierey's counsel was present during the lineup and could cross examine as to any irregularities.

■■■ Moreover, the identifications appear to be reliable. The factors to be considered in determining the reliability of identification evidence "include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Neil v. Biggers, supra,* 409 U.S. at 199–200, 93 S.Ct. at 382.

Three out of four witnesses at the lineup identified Bierey. The witnesses' descriptions of Bierey prior to the lineup were fairly accurate. The robber did not conceal his face during the robbery and was seen by the witnesses at close range for approximately a minute in a well-lit banking facility. Although the time between the robberies and the lineup was between eight and nine months, one witness expressed a high degree of certainty that Bierey was the robber. Thus, we find that the identification evidence was reliable and that the district court did not err in admitting the testimony regarding the lineup identification of Bierey. Since we uphold the admission of the lineup identifications of Bierey, Bierey's challenge to the in-court identifications by the various lineup witnesses must fail. *See United States v. Alden,* 576 F.2d 772 (8th Cir. 1978); *Pruitt v. Hutto,* 574 F.2d 956 (8th Cir. 1978).

Bierey further contends that the trial court erred in overruling his motion for judgment of acquittal for the reasons that: (1) the government failed to prove an essential element of the offense in that it failed to establish by competent evidence that the institutions which were actually robbed were insured by the Federal Savings and Loan Insurance Corporation and accordingly, the trial court lacked jurisdiction; and (2) the evidence was insufficient to establish that Bierey robbed the banks. We find these claims to be wholly without merit.

The banks that were robbed were both branch banks. The evidence introduced at trial indicated that the entire banking institution, consisting of the main and all branch banks, was covered by the FSLIC. This evidence was in the form of premium notices and cancelled checks. This evidence was not controverted by the defendant. We believe that the government presented competent evidence that the institutions robbed were insured by the FSLIC to submit the case to the jury and this issue was ultimately determined in favor of the government.

As to the claim that there was insufficient evidence for the jury to conclude that Bierey robbed the banks, we cannot agree. Three eyewitnesses identified Bierey as the robber, bank surveillance photographs were shown to the jury and identified by witnesses who had known Bierey for a couple of years, and an immunized accomplice testified that Bierey robbed one of the banks. The sufficiency of the evidence is to be tested by viewing it in its entirety and in the light most favorable to the government. *United States v. Kelton*, 519 F.2d 366 (8th Cir. 1975). There is substantial evidence in this case to sustain the verdict as to both counts, and it was not improper for the district court to deny the motion for judgment of acquittal.

The judgment of conviction is affirmed.