**UNITED STATES of America, Appellee,**

v.

**Paul Richard MANKO, Appellant.**

No. 85–5167.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 3, 1985.

Decided Sept. 18, 1985.

Paul Richard Manko, pro se.

James Rosenbaum, U.S. Atty., Minneapolis, Minn., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Paul Richard Manko was convicted of the robbery of a federally insured financial institution in violation of 18 U.S.C. § 2113(a) (1982), and his conviction was affirmed by this Court. *United States v. Manko*, 694 F.2d 1125 (8th Cir.1982), *cert. denied*, 459 U.S. 1219, 103 S.Ct. 1224, 75 L.Ed.2d 460 (1983). We have also recently affirmed the denial of Manko's motion for a new trial based on newly discovered evidence, *United States v. Manko*, 718 F.2d 1107 (8th Cir.1983), as well as the denial of Manko's petition under 28 U.S.C. § 2255 for post-conviction relief based on an allegedly invalid stipulation of fact received at his trial, *United States v. Manko*, 754 F.2d 378 (8th Cir.1984).

In the present action, Manko appeals the District Court's[1] denial of another motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (1982). On appeal, Manko alleges that the District Court erred in determining that he was not entitled to relief, and in not holding an evidentiary hearing. We affirm.

Manko alleges that the District Court erred in denying his motion because, as the sentencing court, it relied upon an inaccurate pre-sentence investigation report to which Manko objected. This claim is without merit; the transcript of the sentencing hearing demonstrates that Manko objected only to the fact that the information in the pre-sentence report was old. After the sentencing court allowed Manko to review the report and gave him the opportunity to challenge the information therein, Manko raised none of the claims he asserts here.[2] Due process does not require reconsideration of a sentencing decision "where the defendant is given a full and fair opportunity to reveal inaccuracies in the information relied upon by the sentencing court and fails to do so." *United States v. Brown*, 715 F.2d 387, 389 (8th Cir.1983).

Manko also contends that it was error for the sentencing court to rely on the pre-sentence report without his written consent;[3] that use of the report without consent violated the Privacy Act of 1974, as amended, 5 U.S.C. § 552a, and the false-statement statute, 18 U.S.C. § 1001; and that false information in the report is prejudicing him in respect of prisoner classification and eligibility for parole or furloughs. These contentions, like Manko's basic complaint that the report was inaccurate in certain respects, see note 2, *supra*,

come too late. No reason appears why these contentions could not have been raised at the time of sentencing. "[T]he time to object was at the sentencing hearing, or on direct appeal." *United States v. Benchimol,* — U.S. —, 105 S.Ct. 2103, 2106, 85 L.Ed.2d 462 (1985) (per curiam) (Stevens, J., concurring). Manko did neither, and Section 2255 is normally not available to correct errors that could have been raised at trial or on direct appeal from a conviction. The errors alleged here are not fundamental defects that inherently result in a complete miscarriage of justice.

Affirmed.

---

1. The Hon. Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

2. Manko asserts that most of the arrests listed in the report were dismissed or expunged, and that, by operation of Minnesota state law, felonies were to be treated as misdemeanors five years after the felonies' commission. Manko also asserts that three of the prior convictions listed were unconstitutionally obtained in viola-

tion of his right to effective assistance of counsel. His legal challenges to those convictions were mooted, he says, when the sentence he was serving was commuted, and he was released.

3. In fact, the provision Manko cites, Fed.R. Crim.P. 32(c)(1), specifically allows use of the report by the court, without written consent, in the case of a defendant who, like Manko, has been found guilty.