972 F.2d 353
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Robert Frederick DUMBAUGH, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 92-1544.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 15, 1992.
Filed: July 28, 1992.
 
 Before FAGG, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert F. Dumbaugh, a federal prisoner, appeals from the district court's[1] judgment denying his 28 U.S.C. § 2255 motion. We affirm.
 
 
 2
 Dumbaugh pleaded guilty to embezzling money and assets from bankruptcy estates he had overseen as trustee from 1968 through March 1988, and to making a false account in May 1984. The embezzlement count was subject to the Sentencing Guidelines. At sentencing in 1989, the court set the Guideline range on the embezzlement count at 27 to 33 months and departed upward to forty-eight months. The court also sentenced Dumbaugh to a consecutive five-year prison term on the pre-Guidelines count. Dumbaugh did not appeal.
 
 
 3
 In 1991 Dumbaugh filed this pro se habeas motion, claiming that the court had violated Federal Rule of Criminal Procedure 32(a)(1)[2] by failing to give advance notice that the court was considering an upward departure from the Guidelines, that the court's reasons for the departure were adequately considered by the Sentencing Commission, and that the government breached the plea agreement by charging him with two counts rather than one. The district court rejected Dumbaugh's claims and denied his motion. Dumbaugh appealed.
 
 
 4
 "Merely 'technical' violations of the Rules of Criminal Procedure are not open under Section 2255," absent " 'other aggravating circumstances.' " Poor Thunder v. United States, 810 F.2d 817, 822 (8th Cir. 1987) (quoting United States v. Timmreck, 441 U.S. 780, 784-85 (1979)). We ask in each case "whether the kind of violation alleged demonstrates either 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' " Id. (quoting Hill v. United States, 368 U.S. 424 (1962)). Upon our review of the record, we conclude that here the lack of written notice of the upward departure falls short of both standards. The sentencing transcript shows defense counsel knew the court was contemplating a departure and spoke to it. After the court announced the grounds for departure, neither Dumbaugh nor his counsel questioned the lack of notice or the departure. Thus, this alleged Rule 32 violation is merely technical.
 
 
 5
 We agree with the district court that Dumbaugh's improper-departure claim fails because he did not raise it on direct appeal. Dumbaugh, a former attorney, cannot reasonably claim that he did not know he could appeal the upward departure. See Poor Thunder, 810 F.2d at 823 (collateral attack should not be entertained if defendant failed for no good reason to use another available avenue of relief); United States v. Manko, 772 F.2d 481, 482 (8th Cir. 1985) (per curiam) (section 2255 generally not available to correct errors that could have been raised at trial or on direct appeal unless they were fundamental defects resulting in a complete miscarriage of justice). Dumbaugh's Guidelines sentence was one year less than the statutory maximum. There was no fundamental defect resulting in a complete miscarriage of justice here.
 
 
 6
 The district court correctly rejected Dumbaugh's breach-of-plea-agreement claim. The plea agreement did not provide for a single-count indictment. At his plea hearing, Dumbaugh pleaded guilty to the two counts, affirmed the plea agreement, and stated that no promises induced him to plead guilty. "[T]he defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.' " Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 430 U.S. 63, 74 (1977)). Dumbaugh contends that until now, he mistakenly believed that the number of counts was contingent upon the amount of stolen money. Upon our review of the record, we agree with the district court that Dumbaugh's contentions in this regard are not credible. Thus, he was not entitled to an evidentiary hearing. See Voytik, 778 F.2d at 1308 (quoting Blackledge, 430 U.S. at 74). We also agree with the district court that Dumbaugh waived the claim by failing to raise it on direct appeal. See Manko, 772 F.2d at 482.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE DAVID R. HANSEN, formerly United States District Judge for the Northern District of Iowa, now Circuit Judge for the United States Court of Appeals for the Eighth Circuit
 
 
 [2]
 Rule 32(a)(1) provides in part that the court must give the defendant and his counsel an opportunity to comment on the probation officer's determination regarding the sentence and "on other matters relating to the appropriate sentence."