972 F.2d 354
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
David W. HAAKENSON, Appellant,
v.
UNITED STATES OF AMERICA, Appellee.
 No. 92-1276.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 31, 1992.
Filed: August 13, 1992.
 
 Before McMILLIAN, JOHN R. GIBSON and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 David W. Haakenson, a federal prisoner, appeals from the final judgment entered in the District Court[1] for the District of Minnesota denying his 28 U.S.C. § 2255 motion. For reversal, Haakenson argues that at sentencing the district court incorrectly calculated the loss involved in his theft offense. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 In 1989 a jury found Haakenson guilty of stealing property from a federally insured credit union and concealing the stolen property, in violation of 18 U.S.C. §§ 2, 2113(a), (b), & (c). The district court calculated a sentencing range of 41 to 51 months and sentenced Haakenson to 46 months imprisonment. Haakenson filed a notice of appeal and an appellate brief in which he challenged the district court's valuation of loss resulting in the addition of four levels to his base offense level. See U.S.S.G. § 2B2.1(b)(2)(E) (add 4 levels if value of property taken was $250,001-$1,000,000) (Oct. 1987). However, he later moved to dismiss the appeal. We granted his motion.
 
 
 3
 In December 1991, Haakenson filed this pro se motion, arguing that the actual loss was $69,596.77-the amount of the claim submitted by the credit union to its bonding company at the time the presentence report was prepared. The district court denied the motion, stating that it had correctly determined the loss and that the case on which Haakenson had relied, United States v. Kopp, 951 F.2d 521, 536 (3d Cir. 1991), involved loss due to fraud rather than loss due to theft and was thus distinguishable. This appeal followed, in which Haakenson reasserts that the district court incorrectly determined the loss.
 
 
 4
 Because Haakenson could have challenged-and apparently intended to challenge-the district court's loss calculation in a direct appeal from his conviction, he may not raise this issue in a 28 U.S.C. § 2255 motion. See Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987) (collateral attack should not be entertained if defendant failed for no good reason to use another available avenue of relief); United States v. Manko, 772 F.2d 481, 482 (8th Cir. 1985) (per curiam) (§ 2255 generally not available to correct errors that could have been raised at trial or on direct appeal unless they were fundamental defects resulting in complete miscarriage of justice). Thus, we do not reach the merits of Haakenson's claim.
 
 
 5
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Donald D. Alsop, Senior United States District Judge for the District of Minnesota