**UNITED STATES of America, Plaintiff,**

v.

**Jose M. BATISTA FERRER, Pablo Hernandez Valentin, Javier Perez Carrero, and Luis Serrano Cruz, Defendants.**

**Crim. No. 93–280.**

United States District Court,
D. Puerto Rico.

Jan. 28, 1994.

Rosa E. Rodríguez Vélez, Asst. U.S. Atty., Hato Rey, PR, for plaintiff.

Jorge L. Arroyo, San Juan, PR, Miriam Ramos Grateroles, Bayamón, PR, Carlos Noriega, Hato Rey, PR, Gustavo Adolfo del Toro, San Juan, PR, for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

### Introduction

Defendants have moved to suppress evidence of a September 13, 1993 lineup proceeding. (Docket entries 31, 34, 60, 63, 64) The Government has opposed. (Docket entries 41, 66) The Court held a hearing on defendants' motions November 30, 1993. (Docket entry 59) Defendants allege that their Sixth Amendment right to assistance of counsel was violated because defense counsel were not permitted to view the identification procedure. For the reasons set forth below, defendants' motion is **GRANTED.**

### Facts

Defendants are charged with the murder of a police officer, bank robbery, carjacking, and associated weapons offenses stemming from incidents that took place August 11, 1993. On September 13, 1993, defendants participated in a series of lineup identification procedures at the Police of Puerto Rico headquarters. Defense counsel were permitted to participate in preparatory stages of the lineups, but were not permitted to observe the actual identification procedures.

### Discussion

■ A criminal suspect's Sixth Amendment [1] rights include the presence of an attorney during a lineup. *U.S. v. Wade*, 388 U.S. 218, 237, 87 S.Ct. 1926, 1938, 18 L.Ed.2d 1149 (1967). The Government argues that the Court in *Wade* did not mandate a specific role for counsel, and that *Wade*'s progeny have interpreted narrowly *Wade*'s holding. In short, the Government argues that *Wade* is satisfied where, as here, defense counsel is permitted "active" participation in pre-lineup preparation. The language of *Wade* itself, however, and the cases that have followed *Wade*, lead me to the opposite conclusion.

Justice Brennan, writing for the Court in *Wade*, summed up the Court's Sixth Amendment jurisprudence: an accused is guaranteed counsel to "protect [his] most basic right as a criminal defendant—his right to a fair trial at which the witnesses against him might be meaningfully cross-examined." *Wade*, 388 U.S. at 224, 87 S.Ct. at 1930. Counsel must be present "where counsel's absence might derogate from the accused's right to a fair trial." *Wade*, 388 U.S. at 226, 87 S.Ct. at 1932. In other words, a criminal defendant is entitled to the assistance of counsel at all "critical stages" of a prosecution. *Wade*, 388 U.S. at 224, 87 S.Ct. at 1930. A "critical stage" typically involves a "confrontation compelled by the State," *Id.* at 228, 87 S.Ct. at 1933, that may determine a defendant's fate. "What happens there may affect the whole trial. Available defenses may be irretrievably lost, if not then and there asserted." *Hamilton v. Alabama*, 368 U.S. 52, 54, 82 S.Ct. 157, 158, 7 L.Ed.2d 114 (1961).

Skeptical of the reliability of eyewitness identification, the Court explained in *Wade* that a lineup is a "critical stage" because it is an event "peculiarly riddled with innumerable dangers and variable factors which might seriously, even crucially, derogate from a fair trial." *Wade*, 388 U.S. at 228, 87 S.Ct. at 1933. Elements of a lineup procedure that may infringe a defendant's right to a fair

---

1. Pursuant to the Sixth Amendment, "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence."

trial include improper suggestion and a victim's "vengeful or spiteful motives." *Wade,* 388 U.S. at 229, 230, 87 S.Ct. at 1933, 1934. The Court observed that "once a witness has picked out the accused at the line-up, he is not likely to go back on his word later on, so that in practice the issue of identity may (in the absence of other relevant evidence) for all practical purposes be decided then and there, before the trial." *Wade,* 388 U.S. at 229, 87 S.Ct. at 1933 (quoting Williams and Hammelmann, *Identification Parades,* Part I, 1963 Crim.L.Rev. 479, 482). Thus, the accuracy and fairness of the entire prosecution hinge on the absence of suggestiveness or other improper influence during the lineup. "The trial which might determine the accused's fate may well not be that in the courtroom but that at the pretrial confrontation, with the State aligned against the accused, the witness the sole jury, and the accused unprotected against the overreaching...." *Wade,* 388 U.S. at 235, 87 S.Ct. at 1937. Justice Brennan noted that a defendant may be unable to detect improperly suggestive circumstances. *Wade,* 388 U.S. at 231, 87 S.Ct. at 1934. Counsel is presumed to be more sensitized and able to "avert prejudice and assure a meaningful confrontation at trial." *Wade,* 388 U.S. at 236, 87 S.Ct. at 1938. Counsel may protect her client by objecting contemporaneously to the circumstances of the lineup and by meaningfully cross-examining the identifying witness at trial. *Stovall v. Denno,* 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1966).

■ It seems hardly a bold leap to find, as I do here, that defense counsel can not fill the role assigned by *Wade* without observing the witness' identification of counsel's client. Several courts have agreed that if *Wade* means anything at all, it is that counsel must be permitted to observe the witness' observation and identification of a suspect. *See, e.g., United States v. LaPierre,* 998 F.2d 1460, 1464 (9th Cir.1993) (defendant's right to counsel violated where attorney was present when defendant, but not others in lineup,

stepped forward for presentation during lineup; "The right to counsel ... includes the right to have counsel present for the entire lineup presentation.... [E]ven the cases reading the right to counsel most narrowly have held that the right attaches to the period during which an accused is within sight of a potential identification witness." [citation omitted] ); *United States v. Wilcox,* 507 F.2d 364, 369 (4th Cir.1974), *cert. denied sub nom. Wilcox v. United States,* 420 U.S. 979, 95 S.Ct. 1408, 43 L.Ed.2d 661 (1975) (*Wade* rule does not require defense counsel to be present at post-lineup interview, but is limited to "the period during which an accused is within sight of a potential identification witness." [citation omitted] ); *United States v. Cunningham,* 423 F.2d 1269, 1274 n. 3 (4th Cir. 1970) (*Wade* does not require presence of counsel during post-interview interrogation of witness; *Wade* requires counsel to be present when "an accused is within sight of a potential identification witness.");[2] *accord Patler v. Slayton,* 503 F.2d 472, 474–76 (4th Cir.1974).

For the most part, the cases cited by the Government merely nibble the edges of today's issue, and do not affect *Wade*'s application to this case. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), is inapposite to the case at hand because the lineup in *Kirby* was conducted before formal charges were filed. The Government also relies on *United States v. Ash,* 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1972), in which the Court refused to extend *Wade* to a photographic display identification. *Ash* did not disturb the *Wade* rule regarding lineup identifications, however, and therefore does not affect the result of today's controversy. The holding in *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) relates to defendant's Fifth Amendment due process rights, rather than the Sixth Amendment right to counsel that is at issue here. Thus, *Neil v. Biggers* sheds little light on the issue at hand. The Government also cites a trio of cases in support of the proposition that the

---

**2.** The Government suggests unpersuasively that the quoted language from *Cunningham* supports the Government's failure to permit defense counsel to observe the witnesses' observations of

counsels' clients. The plain language of *Cunningham* leads me—as it has led several other Courts—to the contrary conclusion. *See, e.g., United States v. LaPierre, supra.*

Sixth Amendment is not violated by defense counsel's exclusion from a post-lineup interrogation of a witness.[3] This issue, however, is distinct from that resolved by *Wade;* these cases do not purport to limit *Wade* 's requirement that counsel be present during a lineup.[4]

Finally, the Government cites the Fourth Circuit's holding in *United States v. Jones,* 907 F.2d 456 (4th Cir.1990), *appeal after remand United States v. Jones,* 977 F.2d 105 (4th Cir.1992), *cert. denied sub nom. Jones v. United States,* —— U.S. ——, 113 S.Ct. 1335, 122 L.Ed.2d 719 (1993). The Fourth Circuit was presented with facts similar to those in the present case, but held that defendants' Sixth Amendment rights were not violated. The Court in *Jones* held that

> [w]e see no merit to the claimed violation of the right to counsel. Counsel was present in the line-up room with [defendants] and had the opportunity to confer with them after the line-up. The appellants have cited no authority to the effect that counsel needs to be present in the witness room itself. There was testimony from one of the FBI agents that in his 22 years, lawyers had never been allowed in the viewing room. Furthermore, the defendants' counsel had opportunities to cross-examine the witnesses who made the identifications and the FBI agents who conducted the line-up, and a picture of the line-up was presented to the court when it ruled on the suppression motion.

*Jones,* 907 F.2d at 459. This holding is supported neither by authority nor analysis and conflicts with prior case law of the same Circuit.[5] Therefore, I choose not to follow *Jones.*

I note that the constitutional rule announced in *Wade*—that defense counsel must be present during a lineup—is expressly impermanent. The Court suggested that counsel's presence could be made unnecessary by implementation of legislative or internal police safeguards against "abuse and unintentional suggestion at lineup proceedings and the impediments to meaningful confrontation at trial...." *Wade,* 388 U.S. at 239, 87 S.Ct. at 1939. Indeed, I doubt that the lineup proceeding in this case was suggestive. In the absence of clear guidance from the Supreme Court or our Circuit Court, however, I am loathe to replace a constitutional rule with the practices employed in this case.

My ruling today does not foreclose prosecution of these defendants. The Government will be left, however, with the unenviable burden of proving untainted any subsequent identification of defendants by the witnesses involved in the unlawful lineup. *Wade,* 388 U.S. at 240, 87 S.Ct. at 1939.

Defendants' motion to suppress evidence of the September 1, 1993 lineup procedure (Docket entries 31, 34, 60, 63, 64) is GRANTED.

**IT IS SO ORDERED.**

---

**3.** These cases are *United States v. Bierey,* 588 F.2d 620, 624–625 (8th Cir.1978), *cert. denied,* 440 U.S. 927, 99 S.Ct. 1260, 59 L.Ed.2d 482 (1979); *United States v. Wilcox,* 507 F.2d 364, 370 (4th Cir.1974); and *Doss v. United States,* 431 F.2d 601 (9th Cir.1970).

**4.** Similarly, the Government cites *Jordan v. Ducharme,* 983 F.2d 933 (9th Cir.1993), in which the Ninth Circuit merely refused to extend *Wade* to pre-lineup preparations. The opinion in *Jordan* implicitly supports defendants' position that defense counsel must be permitted to be present when a witness observes a defendant. *See Jordan* at 936 ("[T]his case requires us to consider

when a lineup begins, whether at the instruction phase or at the moment of observation between witness and suspect."), and *id.* at 937 ("The state would have us adopt a rule that the right to counsel is not triggered until the moment of observation between witness and suspect at a lineup. We are aware that other post lineup cases suggest the right to counsel is limited to face-to-face confrontations." [quoting *United States v. Cunningham, supra*]).

**5.** The Court in *Jones* neither distinguished nor expressly overruled *Wilcox, supra,* and *Cunningham, supra,* which appear to be at odds with *Jones.*