**UNITED STATES of America, Appellee,**

v.

**Esau JACKSON, Appellant.**

**No. 81–2303.**

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1982.

Decided June 22, 1982.

---

James R. Wyrsch, Kansas City, Mo., for appellant.

Robert G. Ulrich, U. S. Atty., J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before STEPHENSON, Senior Circuit Judge, and McMILLIAN and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

The District Court [1] sentenced Esau Jackson to a two-year prison term after a jury found him guilty of being a felon in possession of a firearm in violation of 18 U.S.C. App. § 1202(a)(1). His motions for acquittal and a new trial were denied. On appeal Jackson contends that (1) there was insufficient evidence to show guilt beyond a reasonable doubt; (2) it was improper for the District Court to advise the jury that Jackson had previously been convicted of a felony and to allow the government to refer to this conviction throughout the trial; and (3) it was prejudicial error to allow government witnesses to testify that a firearm not belonging to Jackson was found during the arrest. We have carefully reviewed the record and affirm.

## I.

Eighteen U.S.C.App. § 1202(a)(1) provides:

---

1. The Hon. Russell G. Clark, Chief Judge, United States District Court for the Western District of Missouri.

(a) Any person who—

(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,-000 or imprisoned for not more than two years, or both.

At trial the parties stipulated that the revolver had been transported in interstate commerce, and that Jackson had a previous felony conviction in the Western District of Missouri. The issue in dispute was whether Jackson knowingly possessed the firearm at the time of his arrest on April 27, 1981 (Tr. 128–30).

Four FBI agents testified that they arrested Jackson at his place of work, the El Cabana Motel in Kansas City, Missouri, and that in the process of doing so they found a loaded revolver in the pocket of a suit-coat which he was about to put on (Tr. 78–79). Jackson gave conflicting testimony as to where the gun came from. Upon arrest, he said that the gun had been at the motel when he purchased it approximately a year before the arrest (Tr. 85, 115, 186). He altered his story at trial and testified that a gun had been left over by a previous manager, but that it was reclaimed before the arrest (Tr. 191–93). The gun in question, he said, had been found on the premises of the motel several weeks earlier and placed in an alleged "lost and found," which was located on a table-top in the office (Tr. 192). Jackson contends that he did not know the gun was in his pocket when he began to put on the coat. One witness, Carlton James, testified that at first he thought the arresting officers were robbers and that he took the gun from the "lost and found" and placed it in Jackson's coat pocket.

Despite the stipulation to the prior felony conviction, the government invoked the prior conviction in order to establish an element of the present crime and for impeachment purposes. The court referred to the conviction while instructing the jury. Jack-

son had been convicted of interstate transportation of false and forged securities in violation of 18 U.S.C. § 2314, and he had been in federal custody through August 21, 1973.

The FBI agents also testified that a second gun had been found at the time of the arrest in Jackson's living quarters adjoining the office. The government made it clear at trial that it believed the gun did not belong to Jackson, but to Pat Chavez, who was present at the time of the arrest.

## II. *The Sufficiency of the Evidence*

When reviewing a denial of a motion for acquittal we examine the evidence in the light most favorable to the government and give the government the benefit of all reasonable inferences that may logically be drawn from the evidence. We will reverse only if a reasonable jury could not have found beyond a reasonable doubt that the elements of the crime existed. *United States v. Singer*, 660 F.2d 1295, 1301 (8th Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 1030, 71 L.Ed.2d 314 (1982).

In order to make out a § 1202(a)(1) violation the government had to show the following three elements of the crime: (a) Jackson had been convicted of a felony; (b) the weapon was in or affecting commerce; and (c) Jackson knowingly possessed the gun. *United States v. Wiley*, 478 F.2d 415, (8th Cir. 1973), *cert. denied*, 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974). Jackson stipulated to the first two elements of the crime but argues that he did not knowingly possess the firearm. The gun was found, loaded, and in his coat pocket. By his own admission, it had been on a table in his office for at least three weeks. His living quarters adjoined his business office and were a few feet away from the gun. James testified that the gun was in the office "lost and found" and that he placed the gun in Jackson's coat pocket, but the jury was not required to believe this testimony.

## III. *Admission of the Prior Felony Conviction*

Jackson contends that because he stipulated that he had a prior felony convic-

**564**

tion it was improper to admit evidence of it during trial for the purpose of proving the § 1202(a)(1) violation. This argument is frivolous; the stipulation provided that it could be read at trial (Tr. 128–29). Even if this were not the case evidence of the prior felony would have been admissible under *United States v. Bruton*, 647 F.2d 818 (8th Cir.), *cert. denied*, 454 U.S. 868, 102 S.Ct. 333, 70 L.Ed.2d 170 (1981). In that case the government had also charged the defendant with violating 18 U.S.C.App. § 1202(a)(1). Bruton had been convicted of two felonies. Reaffirming prior case law, we held that "in a Section 1202(a)(1) case the government is not required to accept a defendant's stipulation to a prior felony conviction in lieu of proof of that element of its case." 647 F.2d at 823. The Court went further and held that it is not error for the government to prove two felony convictions when proof of only one is required. *Id.*[2]

■ Defendant also submits that under the Federal Rules of Evidence it was error for the court to instruct the jury that in assessing his credibility it could consider his prior felony conviction. Fed.R.Evid. 609(a)(2) provides:

> (a) General rule. For the purposes of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime . . . (2) involved dishonesty or false statement, regardless of the punishment.

Jackson had been convicted of transporting forged securities in interstate commerce. This crime encompasses precisely the kind of dishonesty which makes it admissible for impeachment purposes. *United States v.*

Hastings, 577 F.2d 38 (8th Cir. 1978); *United States v. Smith*, 551 F.2d 348, 362, 367 (D.C.Cir.1976).

#### IV. Testimony Concerning the Gun Possessed by Ms. Chavez

■ Over objection government witnesses were allowed to testify that a gun belonging to Pat Chavez was found during the arrest. Jackson contends that this evidence was irrelevant and prejudicial. We cannot agree that the testimony was wholly irrelevant. It tended to undermine the potential theory of defense that the revolver found in Jackson's coat was owned by Ms. Chavez and not him. There is, moreover, no likelihood that Jackson was adversely affected by this testimony. The government made sufficiently clear that this gun was not Jackson's gun, and that Ms. Chavez, not Jackson, possessed it.

Affirmed.

---

2. Jackson asks us to reappraise this rule in light of *United States v. Poore*, 594 F.2d 39 (4th Cir. 1979), and *United States v. Turner*, 565 F.2d 539 (8th Cir. 1977) (per curiam). *Poore*, however, merely stands for the proposition that where the underlying prior conviction is similar to the one for which the defendant is presently under arrest, it is inadvisable to tell the jury the *nature* of the prior felony. It does not suggest that evidence of a prior conviction must be

withheld from a jury where the defendant stipulates to it. In *Turner* the defendant argued that the trial judge committed prejudicial error by referring to the prior felony while reading the indictment. This Court found no prejudicial error. Its reference to the impropriety of mentioning the prior felony was dictum. The rule in this Circuit is that set forth in *Bruton*. See *United States v. Steeves*, 525 F.2d 33 (8th Cir. 1975).