**UNITED STATES of America, Appellee,**

v.

**Anthony BRUCE, Appellant.**

**No. 82–2543.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1983.

Decided April 19, 1983.

Rehearing and Rehearing En Banc
Denied May 13, 1983.

Donald B. Balfour, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Evelyn M. Baker, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ARNOLD, Circuit Judge, and FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

PER CURIAM.

The District Court[1] sentenced Anthony Bruce to a two-year prison term after a jury found him guilty of being a felon in possession of a firearm in violation of 18 U.S.C.App. § 1202(a)(1). On appeal Bruce contends that there was insufficient evidence to establish guilt beyond a reasonable doubt. We affirm.

 18 U.S.C.App. § 1202(a)(1) provides:
(a) Any person who—

   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony ... and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any

---

1. The Hon. John K. Regan, Senior United States District Judge for the Eastern District of    Missouri.

firearm shall be fined not more than $10,-000 or imprisoned for not more than two years, or both.

In order to make out a § 1202(a)(1) violation the government had to show (a) that Bruce had been convicted of a felony, (b) that the weapon was in or affecting commerce, and (c) that Bruce knowingly possessed the gun. *United States v. Jackson,* 680 F.2d 561, 563 (8th Cir.1982). Bruce's sole argument is that there was insufficient evidence for a jury to find that he possessed a gun at the time of the arrest.

It is axiomatic that in considering Bruce's argument we must review the evidence in the light most favorable to the jury verdict and accept as true all reasonable inferences supporting the conviction. *United States v. Manko,* 694 F.2d 1125, 1128 (8th Cir.1982); *United States v. Rich,* 518 F.2d 980, 984 (8th Cir.1975), *cert. denied,* 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1976). In this case there is enough evidence to support the verdict. John McKenzie, a police officer with the St. Louis Metropolitan Police Department, testified that at approximately 2:00 a.m. on July 15, 1981, he saw Bruce and Robert Taylor breaking into a car. They ran, but Officer McKenzie stopped them and placed them under arrest. Officer McKenzie further testified that while executing a pat down search he seized a revolver from Bruce. Officer McKenzie identified government's exhibits 6 and 6A as the weapon and cartridges seized from Bruce. Bruce and Taylor testified that they were not attempting to break into a car, and that Bruce did not have a gun on him.

Officer McKenzie's testimony was sufficient evidence from which the jury could determine beyond a reasonable doubt that Bruce was in possession of a weapon. Bruce would have us hold that because two witnesses testified that he did not have a weapon and only one witness testified that he did, a jury could not find him guilty. This argument is without merit. It is for the jury and not this Court to evaluate the credibility of trial witnesses. Jurors may credit the testimony of one witness and disbelieve that of several others. This obviously was the case here. The jury believed Officer McKenzie and not Bruce and Taylor. That was the jury's prerogative.

Affirmed.