UNITED STATES of America, Appellee,

v.

Ernest Zep ROBINSON, Appellant.

No. 83–1258.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 24, 1983.
Decided Oct. 31, 1983.

James A. Bell, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Henry J. Fredericks, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HENLEY, Senior Circuit Judge, and J.R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

After a bench trial, Ernest Zep Robinson, a felon, was convicted of possessing a firearm in violation of 18 U.S.C.App. § 1202(a)(1). On appeal, Robinson claims the district court committed error in denying his motion to suppress the revolver upon which his conviction was based. We affirm.

Following a two week surveillance of a residence suspected of being used as a gambling house, St. Louis police, dressed in plain clothes and portraying themselves as gamblers, went to the residence and were admitted to gamble. After gambling with a number of individuals, the police officers identified themselves and proceeded to interview those present. One officer was stationed at the front door of the residence to prevent anyone from departing. While the interviewing was taking place, Robinson knocked on the door. The officer opened the door and Robinson voluntarily entered. After the officer identified himself, Robinson, in turning to leave, exposed the butt of a pistol which protruded from the waistband of his trousers. The officer stopped Robinson, seized the pistol, and arrested him.

Robinson argues that the "greater weight" of the evidence suggests that the seizure violated his fourth and fourteenth amendment rights. We disagree. Under the plain view exception to the warrant requirement, "it must be shown (1) that the initial intrusion which afforded the authorities the 'plain view' was lawful; (2) that the discovery of the evidence was inadvertent, and (3) that the incriminating nature of the evidence was 'immediately apparent.'" United States v. Wilson, 524 F.2d 595, 598 (8th Cir.1975), cert. denied, 424 U.S. 945, 96 S.Ct. 1415, 47 L.Ed.2d 351 (1976). Robinson cannot reasonably argue that the officer's initial entry onto the premises was unlawful. As stated in United States v. Shigemura, 682 F.2d 699, 706 (8th Cir.1982), cert. denied, —— U.S. ——, 103 S.Ct. 741, 74 L.Ed.2d 962 (1983), "[a]n undercover police officer's entry by consent, though obtained by deception, is not prohibited by the

Fourth Amendment." Because carrying a concealed lethal weapon violates Missouri law, it is also clear that the incriminating nature of the evidence seized, a loaded .357 Python Magnum, was readily apparent. *See* Mo.Rev.Stat. § 571.030.1(1). Robinson's claim must rise or fall on whether the officer's discovery of the evidence was inadvertent. Although four defense witnesses testified to the contrary, the officer who seized the gun stated that when Robinson turned to exit the premises, the butt of the gun protruding from the waistband of Robinson's trousers was exposed. With conflicting testimony in the record, the trial judge necessarily made a credibility determination. We cannot say that the trial judge's decision to accept the seizing officer's version of what transpired was clearly erroneous. *United States v. Bentley,* 706 F.2d 1498, 1509 (8th Cir.1983). We therefore affirm.