**UNITED STATES of America, Appellee,**

v.

**Dirk Lee ROBINSON, Appellant.**

**No. 84–1663.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1984.
Decided Feb. 28, 1985.

Patricia L. Cohen, St. Louis, Mo., for appellant.

Dean R. Hoag, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

HENLEY, Senior Circuit Judge.

Dirk Lee Robinson appeals his conviction by a jury of being a felon in possession of a firearm in violation of 18 U.S.C.App. § 1202(a)(1). The district court[1] sentenced him to two years imprisonment. He made two post-trial motions, one for a judgment of acquittal alleging insufficiency of the evidence to support his conviction, which was summarily denied, and another for a new trial claiming a denial of his sixth amendment right to an impartial jury, which was denied after a hearing to determine its merits. Robinson appeals the denial of these motions and in addition claims

1. The Honorable Edward L. Filippine, United States District Judge, Eastern District of Missouri.

that evidence was seized in violation of his fourth amendment rights. We affirm.

On March 17, 1983 two St. Louis police officers, Barry Berry and Beverly Noble, received information from an informant that appellant was selling marijuana from his apartment and that the source had been present during one such transaction. The informant stated that the marijuana was purchased by ringing appellant's doorbell and Robinson making the sale at the door. Officers Berry and Noble placed the residence under surveillance and observed numerous transactions occur in the manner described by the informant, but never determined whether it was marijuana that changed hands.

On March 21, 1983 the officers obtained a warrant to search the apartment which Robinson shared with his girlfriend, sister and nephew. While searching the residence Officer Berry noticed an object in appellant's hand and ordered him to "drop it." The officers then picked up from the floor a Ceska Zbrojovka-Narodni Podnik Strakonice .25 caliber automatic pistol manufactured in Czechoslovakia in 1948. Officer Berry unloaded six live rounds from it. In addition to the marijuana listed in the warrant and the weapon, the officers discovered a letter from the state probation and parole office addressed to Robinson.

At trial appellant's sister testified that although she did not see an object in his hand, Robinson later told her that he had a gun when the officer ordered him to "drop it." For the defense, Robinson's girlfriend testified that it was her gun from a former boyfriend and that the officers seized it from her zippered purse. In rebuttal the government presented her former boyfriend who stated that he never gave her a gun, but that there had been one in the apartment they shared. This witness apparently recognized one of the jurors as a friend's brother, and spoke with him briefly.

Appellant argues that his motion for judgment of acquittal was improperly denied in that the evidence showing possession of the weapon was insufficient. In considering this allegation, we must examine the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences and reverse only if a reasonable jury could not have found guilt beyond a reasonable doubt. *United States v. Martin*, 706 F.2d 263, 265–66 (8th Cir.1983); *Potter v. United States*, 691 F.2d 1275, 1280–81 (8th Cir.1982); *United States v. Jackson*, 680 F.2d 561, 563 (8th Cir.1982). To prosecute Robinson for violating § 1202(a)(1), the government had to prove (1) defendant's prior felony conviction; (2) the weapon's connection with interstate commerce; and (3) knowing possession of the weapon by defendant.[2] *Martin*, 706 F.2d at 266; *United States v. Bruce*, 704 F.2d 1048, 1049 (8th Cir.1983); *Jackson*, 680 F.2d at 563. Appellant asserts that the evidence of possession was insufficient because of the conflicting testimony of the officers and Robinson's girlfriend. While the evidence was contradictory, resolving this conflict and determining the credibility of the different witnesses were issues best settled by the jury rather than this court which lacks the opportunity to observe the witnesses and their demeanor first hand. *Graham v. Solem*, 728 F.2d 1533, 1541 (8th Cir.1984); *United States v. Snider*, 720 F.2d 985, 993 (8th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 1613, 80 L.Ed.2d 142 (1984); *United States v. Parker*, 586 F.2d 1253, 1256 (8th Cir.1978). We find no error in the denial of the judgment of acquittal in that a jury could have found evidence of possession beyond a reasonable doubt based on the testimony of the officers and the corroborating statements of the appellant's sister.

Appellant next contends that his sixth amendment rights were violated by the government's failure to place the name of its rebuttal witness on the witness list, and

---

**2.** Knowing possession of the weapon is the only element being challenged as the other elements were not argued on appeal.

by the extrajudicial contact between the rebuttal witness and a juror.

■ Appellant argues that the government's failure to place the witness's name on the list denied him the opportunity to examine the prospective jurors as to their relationship with the witness; however, testimony at the post-trial hearing revealed that the juror did not know or recognize the witness until the witness introduced himself outside the courtroom. Therefore, placing the witness's name on the list would not have enabled appellant to explore the witness's relationship with the juror as the juror would have honestly responded to any questions that he had no prior knowledge of the witness.

■ The alleged extrajudicial communication facially is somewhat more serious, as any communication outside of the courtroom on a matter pending before the jury is presumptively prejudicial to defendant's sixth amendment rights. *Remmer v. United States,* 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954); *United States v. Delaney,* 732 F.2d 639, 642 (8th Cir.1984); *United States v. Sublet,* 644 F.2d 737, 740 (8th Cir.1981). This presumption, however, is not conclusive. *Remmer,* 347 U.S. at 229, 74 S.Ct. at 451; *Delaney,* 732 F.2d at 642. The trial court properly conducted a hearing on this issue and heard the testimony of Robinson's girlfriend, the rebuttal witness and the juror. At the hearing it developed, as indicated, that the juror did not know or recognize the witness when they met at an elevator in a hall. The witness recognized the juror from having stayed where the juror and the juror's brother stayed some twenty years before. The witness said he was there as a witness. The juror said he was on jury duty. At that point the elevator came and the conversation terminated. The witness testified, but the juror did not recall, that later on the juror waved good-bye saying, "you got to do what you got to do." Substantial discretion is placed with the trial court in determining whether an extrajudicial communication results in prejudice. *Delaney,* 732 F.2d at 642. The district court deter-

mined that the meeting between the witness and the juror was casual, unintentional and did not result in any prejudice to appellant. The trial court's findings in this regard were eminently correct. Thus, we conclude that appellant's sixth amendment rights were not denied by any incidences involving the government's rebuttal witness.

Last, appellant argues that his fourth amendment rights were violated because the search of his apartment was based on an improperly issued warrant, and the seizure of the weapon was beyond the scope of the warrant which listed marijuana but not weapons. Robinson argues that the warrant's supporting affidavits were insufficient under the "basis of knowledge" and "veracity" standards of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), because the informant's information was corroborated by innocent or nonsuspicious activities. This argument is based on the fact that the only corroborating evidence was the officers' observation of persons going to Robinson's door and making exchanges of unknown items.

■ Appellant's contention is unconvincing in light of recent decisions by the Supreme Court interpreting the fourth amendment starting with *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In *Gates,* the Court reconsidered the tests of *Aguilar* and *Spinelli* and adopted a standard of review which considers the totality of the circumstances. *Id.* at 2332; *Massachusetts v. Upton,* — U.S. —, 104 S.Ct. 2085, 2087, 80 L.Ed.2d 721 (1984). Now it is a magistrate's duty to determine whether, given all the circumstances set forth, there is a fair probability evidence of a crime will be discovered in a particular place; and our role, as a reviewing court, is to establish that the magistrate had a "substantial basis" for concluding that probable cause existed. *Gates,* 462 U.S. at 2332. In determining whether this substantial basis exists, it is unimportant that individual corroborating facts appear

to exemplify innocent or guilty activities; it is how these facts fit together in the entirety which concerns us. *Upton,* 104 S.Ct. at 2888; *United States v. Depee,* 728 F.2d 1168, 1170 (8th Cir.1984). *See United States v. Thompson,* 751 F.2d 300, 302 (8th Cir.1985) (per curiam). The Court in *Gates* explained that "[i]n making a determination of probable cause the relevant inquiry is not whether particular conduct is 'innocent' or 'guilty' but the degree of suspicion that attaches to particular types of non-criminal acts." *Gates,* 103 S.Ct. at 2335 n. 13. *See Depee,* 728 F.2d at 1170.

■ The corroborating evidence here, when viewed as isolated instances, was seemingly innocent; however, it was also entirely consistent with the tip of the informant whose reliability had been proven in the past.[3] Therefore, we have no difficulty finding that all of the evidence taken as a whole provided the magistrate with a substantial basis for concluding that probable cause existed to issue the warrant.

■ To Robinson's other fourth amendment argument that the seizure of the weapon was improper in that it was beyond the scope of the warrant, the government counters that the weapon was properly seized under the plain view exception to the warrant requirement. For an item to be legally seized under this exception, (1) the initial intrusion must have been proper; (2) the discovery of the evidence must have been inadvertent; and (3) the incriminating nature of the evidence must have been "immediately apparent." *United States v. Robinson,* 720 F.2d 18, 19 (8th Cir.1983); *United States v. Johnson,* 707 F.2d 317, 321 (8th Cir.1983). The first two elements may be dealt with summarily. As we have stated, the initial intrusion was proper because the officers were in the apartment under a properly issued warrant, and the facts show the discovery of the weapon was inadvertent in that the officers did not expect to find it.

As to the third element, the situation here is very similar to that in the case of *United States v. Malachesen,* 597 F.2d 1232 (8th Cir.), *cert. denied,* 444 U.S. 902, 100 S.Ct. 214, 62 L.Ed.2d 139 (1979). In *Malachesen* officers were searching defendant's apartment for drugs under a properly issued warrant and inadvertently discovered a weapon. During the course of this search the officers were informed defendant had a prior felony conviction. This court held that while the incriminating nature of the gun was not immediately apparent, the seizure, unloading and retention of the gun was "a reasonable precaution to assure the safety of all persons on the premises during the search." *Id.* at 1234; *see Pennsylvania v. Mimms,* 434 U.S. 106, 111, 98 S.Ct. 330, 333, 54 L.Ed.2d 331 (1977); *United States v. Clay,* 640 F.2d 157, 160 (8th Cir.1981). We further determined that when the officers learned of defendant's prior conviction "the temporarily seized handgun became contraband and subject to seizure as an illegal weapon possessed by a felon." *Malachesen,* 597 F.2d at 1235. Here, in their search, in addition to the weapon, the officers discovered a letter from the state probation office addressed to Robinson. This letter reasonably led the officers to believe that the appellant had a prior conviction and that he was a felon in possession of a firearm. We conclude that this weapon temporarily held for safety reasons became evidence of another crime and was both properly seized and retained.

Accordingly, the judgment of the district court in all respects is affirmed.

---

**3.** Officer Berry's affidavit in support of the warrant stated that he had known informant for ten years and that in the past his/her information

had resulted in the seizure of controlled substances and the arrest of at least four persons.