Micah T. **RUSH**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 86–1038.

United States Court of Appeals,
Eighth Circuit.

Submitted June 6, 1986.
Decided June 30, 1986.

R. Thomas Day, Asst. Federal Public Defender, St. Louis, Mo., for appellant.

Frederick R. Buckles, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, ARNOLD, and MAGILL, Circuit Judges.

ARNOLD, Circuit Judge.

A jury convicted Micah T. Rush of being a felon in possession of a firearm in violation of 18 U.S.C.App. § 1202(a)(1), and the District Court[1] imposed a two-year sentence. On appeal Rush contends that (1) the trial court erred in denying his motion to prohibit the government from offering proof of his prior convictions in exchange for a stipulation that he was a convicted felon, (2) proof of more than one prior felony conviction was unfairly prejudicial, and (3) the trial court erred by denying his motion for a mistrial following the prosecutor's comments during closing argument regarding the defendant's failure to call certain witnesses. We reject these contentions and affirm the District Court.

1. The Honorable George F. Gunn, United States District Judge for the Eastern District of Missouri.

Rush was charged under 18 U.S.C.App. § 1202(a)(1), which provides that any person who is convicted of a felony and who receives, possesses, or transports a firearm shall be fined or imprisoned. Prior to trial, Rush filed a motion in limine to prevent the prosecution from introducing any evidence concerning his prior convictions in exchange for a stipulation stating only that he was a convicted felon. The trial court denied the motion. The parties then stipulated that Rush had been convicted of three felony offenses: armed robbery, carrying a concealed weapon, and burglary in the second degree. The stipulation was read to the jury and certified copies of the convictions were offered into evidence. Rush now argues that the District Court erred in denying his motion in limine and that the government should have been compelled to accept the original stipulation because the number and nature of his prior convictions were highly prejudicial.

This Court has consistently held that, in a Section 1202(a)(1) case, the government is not required to accept a defendant's stipulation to a prior felony conviction in lieu of proof of the prior conviction where, as here, proof of such a conviction is a necessary element of the prosecution's case. *United States v. Flenoid*, 718 F.2d 867 (8th Cir.1983); *United States v. Jackson*, 680 F.2d 561 (8th Cir. 1982); *United States v. Bruton*, 647 F.2d 818 (8th Cir.), *cert. denied*, 454 U.S. 868, 102 S.Ct. 333, 70 L.Ed.2d 170 (1981). Further, this Court has repeatedly held it is not error to allow the government to prove multiple convictions when proof of but a single conviction is required. *See, e.g., United States v. Flenoid*, 718 F.2d at 868; *United States v. Bruton*, 647 F.2d at 825; *United States v. Smith* 520 F.2d 544, 548 (8th Cir.1975), *cert. denied*, 429 U.S. 925, 97 S.Ct. 328, 50 L.Ed.2d 294 (1976). In view of these decisions, we cannot say that it was an abuse of discretion for the trial court to refuse to require the government

to forgo its offers of proof once the defendant stipulated that he was a convicted felon. Nor can we say, under the circumstances, that the admission of Rush's three prior felony convictions was unduly prejudicial, despite the fact that two involved the misuse of firearms.

■ Rush also argues that the trial court erred in denying his motion for a mistrial. During closing argument, Rush's counsel commented on the government's failure to call a potential impeachment witness whose identity was revealed during the cross-examination of a defense witness. In turn, the government responded in its rebuttal statement that if Rush wanted to call that witness or any other available witness, he had the right to do so. Rush now contends that the prosecutor's statement suggested an erroneous burden of proof and constituted prejudicial error.[2]

We note, however, that the prosecutor prefaced his remarks by stating that the defendant in a criminal case is never required to present any evidence. Furthermore, the jury was properly instructed as to the government's burden of proof and specifically instructed that the defendant had no duty to call any witnesses. On at least two other occasions, this Court has held that the government may, in a proper case, comment on a defendant's failure to produce witnesses. In *United States v. Schultz*, 698 F.2d 365 (8th Cir.1983), we held that a prosecutor is free to comment on the failure of the defendant to call an alibi witness, and found no error where the prosecutor also told the jury during closing argument that the defendant had no duty

to produce evidence. *See also United States v. Perez*, 700 F.2d 1232, 1240 (8th Cir.1983) (no prejudicial error where prosecutor commented on defendant's failure to produce witnesses on impeachment matters, and trial judge properly instructed jury as to the government's burden and explained that the law does not require a defendant to call witnesses).

Accordingly, we hold that the District Court properly denied Rush's motion in limine and motion for mistrial. His conviction is therefore affirmed.

---

**2.** Rush challenges the following portion of the government's rebuttal argument:

Of course, he's entitled just like the government is, to bring anybody he wants in here, anybody. He can have 40 witnesses standing in the hallway to come in here and testify that (sic) he likes.... He can bring in as many witnesses in here as he wants. Those 20 people that were supposed to be in the schoolyard, I don't know if they saw anything. Maybe they didn't. I assume that Mr. Arnold [defense witness] told Mr. Day [defense counsel] about Carl Marshall being out there long before he told you and I [sic] about it in here yesterday.... [Tr. 187.]

In addition to Rush's claim that these remarks stated an erroneous burden of proof, he also complains that the statements were totally unsupported by the evidence. While there was testimony to support the statement that 20 people were in the schoolyard near the scene of Rush's arrest, there was no evidence that indicated that Rush's counsel knew, in advance of the trial testimony, that Carl Marshall was one of those persons in the schoolyard. The prosecutor's remarks, however, were a fair inference from the ordinary experience of trial lawyers, and within the permissible limits of vigorous advocacy.