**UNITED STATES of America, Appellee,**

v.

**Eugene GREGORY, Appellant.**

No. 86–1273.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 9, 1986.

Decided Jan. 7, 1987.

---

Jeffrey J. Lowe, St. Louis, Mo., for appellant.

David M. Rosen, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, WOLLMAN and MAGILL, Circuit Judges.

ROSS, Circuit Judge.

Eugene Gregory appeals his conviction of being a felon in possession of a firearm in violation of 18 U.S.C.App. § 1202(a) (1982 & Supp. III 1985). For reversal, Gregory contends that the district court[1]: 1) denied him his sixth amendment confrontation rights by limiting his cross-examination of one of the government's witnesses; 2) erred in refusing to strike from the indictment language indicating that he had four previous felony convictions; and 3) erred in refusing to grant his motion in limine which sought to exclude from the jury all reference to the nature and number of his prior felony convictions. We affirm.

On December 22, 1984, Tasha Smith, an employee of the Jade Cocktail Lounge, saw Gregory drop a gun, pick it up, and return it to his pocket. Smith told John Watson, a security guard at the lounge, that Gregory had a gun. Watson approached Gregory, took him outside, and removed the gun. Watson subsequently turned over both Gregory and the gun to the St. Louis police department.

## I.

Gregory's first contention is that the district court denied him his sixth amendment confrontation rights when it limited his cross-examination of John Watson. Gregory contends that he could have shown that Watson was possibly biased.

Because Watson could not be found to be served with a subpoena, a material witness warrant was issued for his arrest. Learning of the warrant, Watson voluntarily appeared and was arrested. Watson chose not to make bond, and remained in custody over the weekend until the trial.

During cross-examination of Watson, Gregory's counsel asked Watson whether he was testifying voluntarily, and Watson replied that he was. Gregory's counsel then began to ask Watson about his lack of shoelaces, to which the government objected. Gregory's counsel contended that this was to show bias on Watson's part. The trial court sustained the objection, stating "He's not convicted of any crime. You can ask him if there has been any coercion used to make him testify."

Gregory's counsel then asked Watson whether he was coerced into testifying, and Watson responded no. Next, Watson was asked whether he came of his own free will, to which he replied "Of my own free will—well, let's say that I was—I came here of my own free will, yes. I know what you're referring to but it's still of my own free will. I have always been more than happy to do this. I have always stated that." Gregory's counsel did not pursue this line of questioning.

A defendant establishes a violation of the confrontation clause "by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness" and was

**1.** The Honorable John K. Regan, United States District Judge for the Eastern District of Missouri.

thereby prohibited from exposing " 'to the jury the facts from which jurors * * * could appropriately draw inferences relating to the reliability of the witness.' " *Delaware v. Van Arsdall,* —— U.S. ——, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674 (1986) (quoting *Davis v. Alaska,* 415 U.S. 308, 318, 94 S.Ct. 1105, 1111, 39 L.Ed.2d 347 (1974)).

■ As an initial point, we note that the trial court did not completely prohibit Gregory from inquiring into the possibility of bias on Watson's part. Rather, the trial court merely disallowed the asking of one question relating to the absence of Watson's shoelaces. Gregory's counsel, who was trying to show that Watson had been put in jail prior to testifying, subsequently chose to end that line of cross-examination. Therefore, we are not persuaded that Gregory's confrontation rights were violated. *See United States v. Wilson,* 787 F.2d 375, 387 (8th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 197, 93 L.Ed.2d 129; *Enriquez v. United States,* —— U.S. ——, 107 S.Ct. 223, 93 L.Ed.2d 151 (1986) (considering that the defendant had other adequate opportunities to cross-examine the witness in rejecting the defendant's sixth amendment claim).[2]

■ However, even if there was error in refusing to allow Gregory's counsel to ask Watson that one question, such error was harmless beyond a reasonable doubt. *See Delaware v. Van Arsdall, supra,* 106 S.Ct. at 1438. The *Van Arsdall* court set out the factors a reviewing court should consider in determining whether improper limitation of a defendant's right to cross-examination is harmless error: the importance of the witness' testimony; the cumulativeness of the testimony; the presence or absence of corroborating or contradicting evidence; the extent of cross-examination allowed; and the overall strength of the government's case. *Id.*

In the present case, the government's evidence against Gregory was strong. Even without Watson's testimony, Tasha Smith testified that she saw Gregory with a gun, that she relayed the information to Watson, and that she saw Watson and Gregory struggling near the door of the lounge. Officer Paul Zwick of the St. Louis police department testified that Watson handed over to him both Gregory and a gun which Watson told Zwick he had taken from Gregory. There was no evidence presented to contradict this testimony. Further, Gregory's counsel was not completely prohibited from inquiring as to possible bias on Watson's part. Rather, Gregory's counsel chose to end that line of cross-examination. Thus, any limitation on the cross-examination of Watson was harmless.

**II.**

■ Gregory also asserts that the trial court erred in refusing to strike from his indictment language regarding his four prior felony convictions, and in refusing to grant his motion in limine seeking to exclude from the jury all reference to the nature and number of his prior felony convictions.

In response to Gregory's motions, the district court ordered that if Gregory would stipulate to being convicted of "four related felonies," the nature of the felonies would be stricken from the indictment. Further, the government would be able to offer at trial only the stipulation as proof of Gregory's prior convictions. Gregory agreed to this stipulation. At trial the court informed the jury that Gregory had been convicted previously of "four related felonies," although no mention was made

---

**2.** Additionally, we are not convinced that Gregory's counsel was attempting to show a "prototypical form of bias" on Watson's part. Watson was not in custody on account of being charged with a crime. Rather, he had been arrested pursuant to a material witness warrant and voluntarily chose not to make bond. This case does not present the same question of bias as arises in a case where the witness is in custody because he has been charged with a crime and has an interest in gaining favorable treatment for his own case. *Cf. Davis v. Alaska,* 415 U.S. 308, 311, 94 S.Ct. 1105, 1107, 39 L.Ed.2d 347 (1974) (witness was on probation and was possibly attempting to divert suspicion from himself).

as to the nature of the felonies. Gregory now argues that the court erred in not granting his motion to strike and motion in limine, contending that informing the jury of the number of his previous convictions was prejudicial.

It is well established in this circuit that it is not error to allow proof of multiple felony convictions in a case where proof of only one conviction is required. *See, e.g., Rush v. United States,* 795 F.2d 638, 639 (8th Cir.1986); *United States v. Bruton,* 647 F.2d 818, 825 (8th Cir.), *cert. denied,* 454 U.S. 868, 102 S.Ct. 333, 70 L.Ed.2d 170 (1981); *United States v. Smith,* 520 F.2d 544, 548 (8th Cir.1975), *cert. denied,* 429 U.S. 925, 97 S.Ct. 328, 50 L.Ed.2d 294 (1976). Therefore, the district court did not err in refusing to grant Gregory's motion to strike and motion in limine.

**Conclusion**

Accordingly, Gregory's conviction is affirmed.