# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3750

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Jay D. Carter, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 30, 2004

Filed:  May 6, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Jay D. Carter appeals his conviction for being a felon in possession of firearms (two rifles), in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  After the district court[1] denied Carter's motion to suppress firearms and ammunition obtained during a warrantless search of his residence and testimony related to the seized evidence, Carter entered a conditional plea of guilty to the firearms charge.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

Challenging the denial of his suppression motion, Carter argues that exigent circumstances did not exist to justify the warrantless entry and search because officers had no reason to believe that lives were in danger. He also contends that the record does not clearly show whether the second rifle seized was in plain view, and that probable cause did not exist to associate the rifle with criminal activity as the officers had not yet learned Carter was a convicted felon.

First, the officers saw Carter outside the door with a rifle, observed spent-large caliber casings directly outside the back door, and learned the house was occupied. Based on those facts, the officers were justified in entering and searching Carter's residence without a warrant because the circumstances suggested to the officers that the occupants were potentially in jeopardy. See United States v. Gill, 354 F.3d 963, 968-69 (8th Cir. 2004); United States v. Arcobasso, 882 F.2d 1304, 1305-07 (8th Cir. 1989). Second, the district court did not clearly err in crediting Officer Joshua Closson's testimony that he and other officers were searching for potential victims. See United States v. Hernandez, 281 F.3d 746, 748 (8th Cir. 2002). Third, Officer Closson lawfully seized the first rifle, which was in plain view inside the back door and which he reasonably suspected Carter had fired in violation of a city ordinance. See United States v. Nichols, 344 F.3d 793, 799 (8th Cir. 2003) (per curiam). Finally, it was permissible to seize the second rifle temporarily as a precaution to assure the safety of those in the house, and to seize the rifle as evidence once officers learned that Carter was a convicted felon. See United States v. Robinson, 756 F.2d 56, 60 (8th Cir. 1985). Accordingly, we affirm. See 8th Cir. R. 47B.

_____