# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1927

_____

United States of America,

*Appellee*

v.

Diamond Blair,

*Appellant*

_____

Appeal from the United States District Court
for the Western District of Missouri

_____

Submitted: January 18, 2013
Filed: March 8, 2013
[Unpublished]

_____

Before BYE and MELLOY, Circuit Judges, and KOPF,[1] District Judge.

_____

KOPF, District Judge.

A jury convicted Diamond Blair of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On appeal, Blair argues the district

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

court[2] erred when it allowed the government to introduce evidence of Blair's felony convictions at trial. Blair also argues he was denied his right to a fair trial based on acts of misconduct by the prosecutor. We affirm Blair's conviction.

## I.

Blair refused to stipulate at trial that he had prior felony convictions. Blair, who represented himself at trial with the assistance of stand-by counsel, objected when the government sought to introduce the certified records of Blair's six prior felony convictions for robbery (two counts), unlawful use of a weapon, armed criminal action, kidnapping, and forcible sodomy. Blair also objected when a detective with the Kansas City, Missouri, Police Department testified about the names, dates, and lengths of sentence for the convictions.

In presenting his objections to the court, Blair argued that the evidence was "prejudicial under Rule 404," cumulative, and also prejudicial because the convictions bore no "similarity [to] the case whatsoever." Confusingly, after the government rested its case, Blair moved to strike some but not all of the convictions, and he did so without explanation. The district court overruled Blair's objections and his motion to strike, stating that the evidence was not cumulative, and the convictions did not have to be similar to the charge he was facing in order to be introduced as evidence. In addition, the district court acknowledged that the evidence was prejudicial because it showed that Blair had prior convictions, but stated the government was entitled to present evidence of the convictions.

## II.

Blair argues the district court erred when it allowed the government to introduce evidence of all of Blair's prior felony convictions, and also erred when it failed to

[2]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

explicitly balance on the record the prejudicial nature of Blair's prior convictions against their probative value. We review a district court's evidentiary rulings for an abuse of discretion. *United States v. Claxton*, 276 F.3d 420, 422 (8th Cir. 2002).

Blair was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This statute makes it unlawful for any person to possess a firearm "in or affecting commerce" when that person "has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Title 18 U.S.C. § 921(a)(20) excludes from the definition of a "crime punishable by imprisonment for a term exceeding one year," certain crimes, including but not limited to, "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less."

Accordingly, in the absence of a stipulation by Blair, the government needed to prove beyond a reasonable doubt that at least one of Blair's prior crimes qualified as "a prior felony" under 18 U.S.C. §§ 922(g)(1) and 921(a)(20). In addition, this court has held that "it is not error to allow the government to prove multiple convictions when proof of but a single conviction is required." *Rush v. United States*, 795 F.2d 638, 639 (8th Cir. 1986). We find the district court did not abuse its discretion when it allowed the government to introduce evidence of Blair's six felony convictions.

As for Blair's specific argument that the district court failed to explicitly balance the evidence under Rule 403 of the Federal Rules of Evidence, Blair did not invoke Rule 403 in any of his objections at trial, or otherwise specifically argue that the evidence was more prejudicial than probative. In fact, Blair seemed to be under the misapprehension that the judge was required to apply Rule 404(b) (allowing the admission of other crimes to prove such things as motive) when, in fact, the judge was dealing with direct evidence offered to prove an essential element of the government's case. That is, the government had to prove beyond a reasonable doubt that at least one of Blair's prior crimes qualified as "a prior felony" under 18 U.S.C. §§ 922(g)(1) and 921(a)(20). The only way for the government to do this was to prove the convictions

-3-

since Blair obstinately refused to sign a stipulation. While we assume as a theoretical matter that proof of a large number of particularly egregious felonies may be so prejudicial as to require the exclusion of some of them, we do not believe the six prior felonies proved by the government in this case pose such a problem. Therefore, because the judge was confronted with a pro se defendant whose evidentiary objections were confused and off the mark, and because the convictions were the only admissible evidence of an essential element of the government's case, we find no reversible error in the court failing to make an explicit, on-the-record determination that the probative value of Blair's convictions outweighed the danger of unfair prejudice under Rule 403.

III.

Finally, Blair argues the prosecutor committed misconduct when it (1) elicited testimony about a homicide allegedly in violation of the district court's pretrial *in limine* ruling; (2) questioned Blair about his prior convictions during its cross-examination of Blair; (3) disparaged Blair's character during its cross-examination of Blair and during closing arguments; and (4) improperly vouched to the credibility of the government's witnesses during closing arguments. After carefully reviewing the record and considering these remaining assignments of error, we find them to be without merit.

Accordingly, we affirm Blair's conviction.

_____